

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 18, 1957

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-300

Re: Whether certain appropria-
tions to the Board for
Texas State Hospitals and
Special Schools for the
payment of refunds are
supported by pre-existing

Dear Mr. Calvert:                law.

You have requested whether the appropriations
contained in Item 1 under the heading of pay patient refunds
and Section 3 of the riders to the appropriations to the
Board for Texas State Hospitals and Special Schools are
supported by pre-existing law.

Item 1 under the heading of pay patient refunds to
the appropriation to the Board for Texas State Hospitals and
Special Schools contained in Article II of House Bill 133,
Acts of the 55th Legislature, 1957, provides:

|  | "For the Years Ending | |
|---|---|---|
|  | August 31, 1958 | August 31, 1959 |
| "Out of General Revenue Fund: | | |
| "1. There is hereby appropriated out of the General Revenue Fund to the Board for Texas State Hospitals and Special Schools for the Payment of pay patient refunds, which are approved by the business managers of the respective institutions under the Hospital Board, the sum of | $10,000 | $10,000 |

"All receipts to institutions under the Board
for Texas State Hospitals and Special Schools for
pay patient collections shall be deposited to the
credit of the General Revenue Fund.  Disbursements
of refunds shall be made by the Central Office
only after receiving approval of the Business
Manager of the respective institutions."

Article 3196a, Vernon's Civil Statutes, provides for
the admission and care of mentally ill persons and authorizes
the Board to charge relatives and guardians of the estate of
mentally ill patients for the care and treatment of such
patients.  Attorney General's Opinion WW-253 (1957).  There is
no provision, however, in Article 3196a or any other article
applicable to the Board for Texas State Hospitals and Special
Schools which provides for the payment of refunds of money col-
lected for the care and treatment of patients at the institu-
tions under the control of the Hospital Board.

Section 44 of Article III of the Constitution of Texas
provides:

"The Legislature shall provide by law for the
compensation of all officers, servants, agents and
public contractors, not provided for in this Con-
stitution, but shall not grant extra compensation
to any officer, agent, servant, or public contrac-
tors, after such public service shall have been
performed or contract entered into, for the perform-
ance of the same; nor grant, by appropriation or
otherwise, any amount of money out of the Treasury
of the State, to any individual, on a claim, real
or pretended, when the same shall not have been pro-
vided for by pre-existing law; nor employ any one in
the name of the State, unless authorized by pre-
existing law."  (Emphasis added)

This provision has been construed by the courts of
this State to mean that the Legislature cannot appropriate State
money to any individual "unless at the very time appropriation
is made there is already in force some valid law constituting
the claim the appropriation is made to pay a legal and valid
obligation of the State."  Austin National Bank v. Sheppard, 123
Tex. 272, 71 S.W.2d 242 (1934).  See also Fort Worth Cavalry
Club v. Sheppard, 125 Tex. 339, 83 S.W.2d 660 (1935); State v.
Steck Company, 236 S.W. 2d 866, Tex. Civ. App. (1951, error ref.);
Attorney General's Opinion WW-96 (1957); Attorney General's Opin-
ion WW-160 (1957).  By a legal obligation referred to above, is
meant such an obligation as would form the basis of a judgment

against the State in a court of competent jurisdiction in the event it should permit itself to be sued.  Austin National Bank v. Sheppard, supra.

In Corsicana Cotton Mills v. Sheppard, 123 Tex. 352, 71 S.W.2d 247, it was held that where a corporation volunteers the payment of taxes, a legislative appropriation to refund such payment of taxes violated the provisions of Section 44 of Article III in that the corporation had no legal claim against the State for their repayment at the time the appropriation was made, and, therefore, the appropriation was not supported by pre-existing law.  However, it was held in State v. Akin Product Company, 155 Tex.    , 286 S.W.2d 110, that taxes paid under duress of an unconstitutional act may be refunded.

In view of the foregoing, it is our opinion that the above quoted appropriation appropriates money for refund of moneys paid both voluntarily and under duress.  Insofar as the appropriation appropriates money for the payment of refunds that do not constitute a legal obligation as that term is defined in Austin National Bank v. Sheppard, supra, such appropriation is not supported by pre-existing law.  Insofar as the above quoted appropriation appropriates money for refund of moneys paid under duress, the appropriation is supported by pre-existing law. You are, therefore, advised that the payment from this appropriation for pay patient refunds will depend on the facts in each case in which the claim for refund is presented.

Section 3 of the riders to the appropriation to the Board for Texas State Hospitals and Special Schools in House Bill 133 provides:

"Sec. 3.  Services to employees and guests.  In order to reimburse equitably the appropriation items in this Article from which expenditures are made for services to employees and guests, the following reimbursement rates and rules shall apply:

"Services furnished by the institutions to employees shall be valued at not less than the following:

"$30 per month for meals for adults
"$15 per month for meals for children, ages
     2 through 15
"$ 5 per month for laundry
"$15 per month for lodging, excluding
     medical personnel of hospital system
"$15 per month per room for the first room
     for lodging of medical personnel of

hospital system and $10 per month per
room for each additional room

"Collection for services rendered employees
and guests shall be made by a deduction from the
recipient's salary or by cash payment in advance.
Such deductions and other receipts for these ser-
vices from employees and guests are hereby reappro-
priated to the 'Other Operating Expenses' of the
institution.  Refunds for excess collections shall
be made from the appropriation to which the collec-
tion was deposited.

"Employees residing away from the grounds of
the institutions in which they are employed shall
pay cash for only such meals at the institutions
as they may actually take, and there shall be no
deductions from the regular salary payment due
employees of the respective institutions for
institutional services or emoluments not actually
received by said employees."

In Attorney General's Opinion WW-265 (1957), it was
held:

"In Opinion WW-96 this office held that the
General Appropriation Bill may direct appropriation
of money and may detail, limit or restrict the use
of funds so appropriated where such provisions are
necessarily connected with and incidental to the
appropriation and use of the funds.  Conley v.
Daughters of the Republic of Texas, 106 Tex. 80,
156 S.W. 197 (1913).

"Such provisions concerning accounting proce-
dures and directions as to the method of expenditure
and reimbursement of certain funds are permissible
and proper so long as they do not conflict with the
general law on the subject.  Attorney General's
Opinion V-1254.  However, general legislation
constitutes a separate subject and cannot be inclu-
ded within a General Appropriation Bill, and a
rider to a general appropriation bill cannot
repeal, modify or amend an existing general law.
Moore v. Sheppard, 144 Tex. 537, 192 S.W.2d 559
(1946); Linden v. Finley, 92 Tex. 451, 49 S.W.
578 (1899); State v. Steele, 57 Tex. 203 (1882);
Attorney General's Opinion No. V-1254."

Applying the principles of law announced in Attorney
General's Opinion WW-265, it is noted that Section 3 of Article

TI not only provides for the emoluments of employees of the several institutions under the jurisdiction and control of the Hospital Board, but also attempts to authorize expenditures for services to guests. Such provisions do not concern the direct appropriation of money nor concern accounting procedures and directions as to method of expenditure, but authorize the expansion of services which are not now authorized by general law. To this extent its provisions constitute a proper subject for general legislation in violation of Section 35 of Article III of the Constitution of Texas. Attorney General's Opinion WW-96.

Therefore, you are advised that Section 3 of Article II, House Bill 133, Acts of the 55th Legislature, 1957, Chapter 385, is supported by pre-existing law insofar as its provisions are applicable to employees of institutions under the jurisdiction and control of the Hospital Board. You are further advised that its provisions are not supported by pre-existing law insofar as it applies to "guests", and further, such provisions violate the provisions of Section 35 of Article III of the Constitution of Texas.

SUMMARY

Moneys appropriated for pay patient refunds are supported by pre-existing law insofar as it authorizes the payment of refund of moneys collected under duress. Section 3 of Article II of House Bill 133, Acts of the 55th Legislature, is supported by pre-existing law insofar as it provides for the emoluments of employees of the institutions under

the jurisdiction and control of the
Board for Texas State Hospitals and
Special Schools.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *John Reeves*
John Reeves
Assistant

JR:jl

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

J. Mark McLaughlin

Leonard Passmore

C. K. Richards

Marietta Payne

REVIEWED FOR THE ATTORNEY GENERAL
BY:

James N. Ludlum